# S. OMINSKY v. CHARLES WEINHAGEN & COMPANY.[1]

### February 10, 1911.

### Nos. 16,882—(219).

**Verdict sustained by evidence.**

> In this a personal injury action the verdict of the jury, involving a finding that fright and nervous shock, resulting from an accident, caused the particular ailment for which damages were awarded, is sustained by the evidence.

Action in the district court for Ramsey county by the father of Tillie Ominsky, a minor, to recover for her benefit $25,000 for personal injuries sustained by her. The complaint alleged that defendant, in violation of the statute, employed plaintiff minor in its factory, and her duties required her to go about dangerous machines to remove paper boxes. Plaintiff minor, as she had been instructed to do, went to the rear of a dangerous and unguarded machine, which was then idle, and while in the act of removing boxes from a point in close proximity to the machine, defendant, well knowing her perilous position and wholly disregarding its duty in that respect, wrongfully caused the machine to be started without any warning to her, and by reason thereof some portion of her clothing was caught in the unguarded portion of the machine, and her body was drawn up to and against the machine, whereby she sustained a severe shock to her nervous system. The answer alleged contributory negligence on the part of the minor. The case was tried before Orr, J., and a jury which returned a verdict in favor of plaintiff for $2,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*How, Butler & Mitchell,* for appellant.
*McElwee & Hollihan,* for respondent.

[1]Reported in 129 N. W. 845.

[Note] Right to recover for physical injury resulting from fright caused by a wrongful act, see note in 3 L.R.A.(N.S.) 49; and note in 22 L.R.A.(N.S.) 1073.

SIMPSON, J.

While working for defendant, Tillie Ominsky, then fourteen years of age, had her dress caught in a machine near which she was standing, and was drawn towards the machine, and a lever attachment struck her in the face with sufficient force to cause a slight abrasion. She was badly frightened by the accident. She went home, and was nervous and hysterical for several days, and at intervals thereafter for several weeks. About ten days after the accident her hair, which had previously been abundant and in good condition, began to fall out very rapidly, and within three weeks after the accident her body was devoid of hair, and remained substantially in that condition up to the time of trial, a period of upwards of four years.

This action was brought by the father of Tillie Ominsky to recover from the defendant damages for the injury resulting to her from the accident above described; it being claimed that the accident was caused by defendant's negligence. On the trial plaintiff recovered a substantial verdict, which cannot be supported unless the loss of hair suffered by the girl was shown to be attributable to the described accident. Whether the evidence sufficiently established that fact is the single question raised in this court, on the appeal of the defendant from the order denying its alternative motions for judgment or a new trial.

The medical testimony on the trial was to the effect that alopecia areata universalis, or general baldness, the condition of this girl, is a mysterious trouble, the cause of which is not fully understood, and its origin is obscure and conjectural; that medical authorities generally agree, however, that sometimes the trouble has a neuropathic origin, such as nervous shock, fright, or grief, sometimes, and in the larger percentage of cases it is due to parasitic or germ disease, and sometimes it is attributable to heredity. From this evidence, together with the evidence concerning this particular case, the jury were warranted in finding as a fact that fright and nervous shock are an adequate cause for a condition of general baldness. The relation of cause and effect may be established, though the theory of such relationship is not understood. It is a matter of gen-

eral information that the causes or morbid processes are still unknown in many diseases, and that from our present viewpoint such processes in many other diseases were, until recently, either shrouded in mystery or in error. Yet it does not follow that medical science is unable, with reasonable certainty, to ascribe the development of such diseases to the existence of certain preceding conditions or injuries.

The testimony in this case was that by a general consensus of opinion of medical authorities it was recognized and established that this trouble did have its origin in fright and nervous shock. A court cannot assume, either that this conclusion is not well founded, because the morbid processes involved are not understood, or that this conclusion of medical experts is based on insufficient data, because the experience and observation of laymen do not furnish sufficient data to establish such conclusion.

It also appeared from the testimony that it was impossible to determine in a particular case of general baldness, by a physical examination, what caused the condition, and that therefore the cause in each case could only be determined, if at all, by the history of the case. Upon the question of the cause of the trouble in the case of this girl, each of the experts called by plaintiff gave it as his opinion that in view of the history of the case, as above given, the condition of baldness was caused by the fright and nervous shock incident to her said accident, and the experts called by the defendant stated that it was possible that it was so caused. The evidence did not show the existence of any other circumstance or condition in her case that is recognized as a cause of this disease. By the evidence, then, an adequate cause resulting from defendant's negligence for the condition of baldness was shown to be present in the case of this girl, and there was no evidence of the presence of any other adequate cause for the condition.

Clearly this took the question of the cause of the baldness of this girl out of the realm of conjecture, and the jury were warranted in finding that the present adequate cause in fact produced the condition. The plaintiff, to make a prima facie case, is not bound, in addition to establishing that the negligent act is an adequate proximate cause of the injury, to negative the existence of any other ade-

quate cause. On this point the present case is distinguishable from the cases in which it has been held that, two adequate causes being present, one cannot arbitrarily or as a matter of conjecture be found to be the responsible cause. The jury were warranted by the evidence in finding that fright and nervous shock are an adequate cause of the condition of general baldness, and that this condition in Tillie Ominsky was produced by the fright and nervous shock from the accident occasioned through defendant's negligence.

Affirmed.

JAGGARD, J., being absent, took no part.